# ORIGINAL

FILED
HARRISBURG, PA

AUG 0 8 2002

MARY E. D'ANDREA, CLERK
Per _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENYON RAHEEN GADSDEN, | : | |
| Petitioner | : | No. 1:CV-01-1122 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| JOHN FANELLO, Warden, | : | (Magistrate Judge Mannion) |
| USP Allenwood, | : | |
| Respondent | : | |

### RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS

This is a habeas corpus matter brought under 28 U.S.C. §2241, by a federal prisoner, Kenyon Raheen Gadsden, who presently is confined at the Allenwood United States Penitentiary in Pennsylvania ("USP Allenwood"). Gadsden is in the custody of the Federal Bureau of Prisons ("BOP") pursuant to his guilty plea to drug charges brought against him in 1997 in the United States District Court for the Eastern District of Virginia. Petition, at 1-2.

In his habeas petition, Gadsden challenges his conviction and sentence as being in violation of the Supreme Court's holding in Apprendi v. New Jersey, 530 U.S. 466 (2000). As explained below, Gadsden cannot challenge his federal conviction through a §2241 petition and his habeas petition should be dismissed for lack of jurisdiction.

## Statement of the Case

In 1997, Gadsden was indicted for his role in a conspiracy to distribute cocaine and cocaine base (crack). Gadsden plead guilty to Count One of the indictment, which alleged that Gadsden had conspired to possess and distribute more than 50 grams of cocaine base (crack) in violation of 21 U.S.C. §841(a)(1) and (b)(1)(A)(iii), and to possess and distribute in excess of 5 kilograms of cocaine in violation of 21 U.S.C. §841(a)(1) and (b)(1)(A)(ii). Petition, Exh. A (indictment excerpt). Pursuant to 21 U.S.C. §841(b)(1)(A)(ii),(iii), Gadsden faced a minimum sentence of 10 years and a maximum sentence of life. See also Petition, Exh. D, at 1 (PSI).

In 1997, Gadsden plead guilty to the indictment pursuant to a plea agreement. In that plea agreement, Gadsden acknowledged that the penalties for the offense he was pleading guilty included a minimum sentence of 10 years and a maximum sentence of life. Petition, Exh. C, ¶1. Gadsden also agreed to waive his right to appeal whatever sentence he received. Id., ¶4.

On July 7, 1997, the court sentenced Gadsden to life imprisonment. Petition, Exh. E (judgment). Gadsden did not appeal his sentence. Nor has Gadsden filed any petitions challenging his conviction or his sentence pursuant to 28 U.S.C. §2255. Petition, ¶4. Rather, on June 22, 2001, Gadsden filed this habeas petition pursuant to 28 U.S.C. §2241 in the Middle District of Pennsylvania, where he is confined. Gadsden challenges his conviction and sentence as being contrary

2

to <u>Apprendi</u>, 530 U.S. 466 (2000), in which the Supreme Court held that any fact that raises the maximum statutory penalty is an element of the crime that must be proved to the fact finder beyond a reasonable doubt.

For the reasons set forth below, the government requests that the habeas petition be denied for lack of jurisdiction.

### Question Presented

Should Gadsden's petition be dismissed in that Gadsden cannot challenge his federal criminal conviction and sentence via a §2241 habeas petition?

### Argument

**GADSDEN'S PETITION SHOULD BE DISMISSED IN THAT GADSDEN CANNOT CHALLENGE HIS FEDERAL CRIMINAL CONVICTION AND SENTENCE VIA A §2241 HABEAS PETITION.**

**A.    Section 2255 is the Exclusive Means to Challenge a Federal Criminal Conviction or Sentence.**

To seek federal post-conviction relief from a judgment of conviction, persons convicted in federal court are **required** to bring their collateral attacks challenging the validity of their conviction and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. §2255, **not** under 28 U.S.C. §2241. <u>In re Dorsainvil</u>, 119 F.3d 245, 249 (3rd Cir. 1997);  <u>In re Vial</u>, 115 F.3d 1192, 1194 (4th Cir. 1997); <u>Bradshaw v. Story</u>, 86 F.3d 164, 166 (10th Cir. 1996).  Section 2255 specifically provides a remedy that is the equivalent to the relief historically available under the habeas writ.  <u>Hill v. United States</u>, 368 U.S. 424, 427 (1962)("[I]t conclusively

3

appears from the historic context in which §2255 was enacted that the legislation was intended simply to provide in the sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in the court of the district where the prisoner was confined.").

Section 2255 motions, thus, are the **exclusive** means by which a federal prisoner can challenge a conviction or sentence that allegedly is in violation of the Constitution or federal laws or that is otherwise subject to collateral attack. Davis v. United States, 417 U.S. 333, 343 (1974); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 683 (3rd Cir. 1954). See also Coady v. Vaughn, 251 F.3d 480, 484 (3rd Cir. 2001)(a state petitioner must file his challenge to his conviction under 28 U.S.C. §2254, rather than §2241, because "the more specific statute takes precedence over the more general one," particularly when utilizing the more general statute "'would undermine limitations created by a more specific provision'").

Accordingly, if a prisoner attempts to challenge his federal conviction or sentence under 28 U.S.C. §2241, the habeas petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3rd Cir. 1971). See also Strollo v. Alldrege, 463 F.2d 1194, 1195 (3rd Cir. 1972)("as to issues cognizable by the sentencing court under §2255, a motion under that section supersedes habeas corpus and provides the exclusive remedy.").

The only exception, *i.e.,* when a federal prisoner nevertheless can seek habeas relief under §2241, is when §2255 proves "inadequate or ineffective" to test

the legality of detention.  28 U.S.C. §2255; <u>Davis</u>, 417 U.S. at 343; <u>Dorsainvil</u>, 119

F.3d at 251; <u>Vial</u>, 115 F.3d at 1194.  As discussed below, this exception rarely exists

and does not apply if a defendant has failed to obtain §2255 relief or a defendant

cannot satisfy the limitations imposed on bringing §2255 motions or filing successive

§2255 motions.

**B.**    **Limitations on Bringing §2255 Motions and Successive §2255 Motions.**

In 1996, Congress amended §2255 through AEDPA.[1]  One significant

change is that prisoners must file their §2255 motions within one year of their

conviction or within three other narrowly tailored situations, whichever is latest.  <u>See</u>

28 U.S.C. §2255.  Further, a prisoner cannot appeal the denial of a §2255 motion

unless a certificate of appealability issues and then, at that, a certificate of

appealability can issue ***only if*** the applicant has made a substantial showing of the

violation of the denial of a constitutional right.  There is absolutely no right to appeal

the denial of nonconstitutional issues.  <u>United States v. Cepero</u>, 224 F.3d 256, 262-

68 (3rd Cir. 2000)(*en banc*).  <u>See also</u> <u>United States v. Brooks</u>, 245 F.3d 291, 292-93

(3rd Cir. 2001)(on panel rehearing) (inability to hear appeal of denial of §2255 motion

pursuant to <u>Cepero</u> does not violate the Suspension Clause of the Constitution).

Another change to 28 U.S.C. §2255 is that AEDPA codified and

extended judicially constructed limits on second and successive applications for

collateral relief under §2255.  A second or successive §2255 motion now can be

---

[1] Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. 104-132,
110 Stat. 1214 (codified in relevant part at 28 U.S.C. §2255).

made only if the appropriate court of appeals approves such a motion and then only under very limited circumstances. 28 U.S.C. §2255; Vial, 115 F.3d at 1194-95. See also Tyler v. Cain, 533 U.S. 656, 661 (2001)(AEDPA "greatly restricts the power of federal courts to award relief to ... prisoners who file second or successive habeas corpus applications")(state prisoners).[2]

AEDPA is, in part, Congress' codification of long-held legal principles involving ease of administration and the interest in promoting the finality of judgments. While it is beyond doubt that a conviction must be obtained in a manner that comports with the Constitution, our system of justice affords a defendant the opportunity to challenge his/her conviction through a direct appeal and in a collateral §2255 motion. See Daniels v. United States, 532 U.S. 374, 380-81 (2001).

Critically, "[t]hese vehicles for review ... are not available indefinitely and without limitations. Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of administrative remedies, operate to limit access to review on the merits of a constitutional claim." Daniels, 532 U.S. at 381; id. at 382 (holding that if a prior conviction used to enhance a federal

---

[2] As the Tyler Court described:

If the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases. §2244(b)(1). And if the prisoner asserts a claim that was not presented in a previous petition, the claim must be dismissed unless it falls within one of two narrow exceptions [under §2244(b)(2)].

Tyler, 533 U.S. at 661.

sentence is no longer open to direct or collateral attack because the defendant failed to pursue those remedies while they were available *or because the defendant did so unsuccessfully*, the "defendant is without recourse").

One of the principles vindicated by these limitations "is a 'presumption deeply rooted in our jurisprudence: the 'presumption of regularity' that attaches to final judgments, *even when the question is waiver of constitutional rights*.'" <u>Daniels</u>, 532 U.S. at 381 (emphasis added)(quoting <u>Parke v. Raley</u>, 506 U.S. 20, 29 (1992)). <u>See also</u> <u>United States v. Miller</u>, 197 F.3d 644, 651 (3rd Cir. 1999)(AEDPA was intended to codify the judicial doctrine of abuse of writ and to create a modified res judicata rule to prevent petitioners from relitigating habeas claims absent exceptional circumstances).

Summarizing, therefore, §2255 is the exclusive means by which a defendant can challenge his federal conviction. Moreover, the availability of this form of collateral review of a conviction is limited both temporally (a one-year statute of limitations) and in number (only one §2255 motion unless one of two *narrow* circumstances occur). As explained next, the failure to satisfy the stringent gatekeeping requirements on §2255 motions imposed by AEDPA does <u>not</u> constitute one of the exceptions where a §2255 motion is "inadequate or ineffective" so as to permit a defendant to challenge his/her federal conviction via a §2241 habeas petition.

**C.     The Inability to Satisfy the Gatekeeping Provisions Imposed by AEDPA Does Not Permit a Defendant to Challenge His/Her Federal Conviction or Sentence by a §2241 Habeas Petition.**

In Dorsainvil, this Court addressed the "inadequate and ineffective" exception of §2255, known as the "safety-valve" clause or "savings" clause of §2255, and held that it **must** be construed **strictly**.   119 F.3d at 251 (emphasis added) (collecting cases).  The Court made it clear that §2255 would <u>not</u> be found to "be 'inadequate or ineffective' so as to enable a second petitioner to invoke §2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended §2255.  Such a holding would effectively eviscerate Congress's intent in amending §2255."   <u>Id.</u> at 251.   <u>See also</u> <u>United States v. Baptiste</u>, 223 F.3d 188, 189-90 (3rd Cir. 2000)(petitioner cannot evade AEDPA's requirements for second or successive §2255 petitions by filing a writ of coram nobis).

This principle was reiterated more recently in <u>Cradle v. United States</u>, 290 F.3d 536 (3rd Cir. 2002) . In <u>Cradle</u>, the Third Circuit emphasized that a motion to vacate sentence under §2255 is **not** inadequate or ineffective to test the legality of a federal prisoner's detention -- so as to permit the prisoner to seek habeas relief -- merely because the sentencing court had denied relief, because the one-year statute of limitations had expired, or because the prisoner was unable to meet the stringent gatekeeping requirements of the amended version of §2255.  Rather, the court held that the habeas exception recognized in §2255 was merely to ensure that

8

petitioners had a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements. Id. at 538-39.

Thus, the availability of §2241 to challenge a federal conviction is extremely limited and "is now reserved for rare cases." Dorsainvil, 119 F.3d at 250. As recognized in Dorsainvil, a prisoner can pursue habeas relief under the savings clause of §2255 typically only where a subsequent statutory interpretation reveals that the prisoner's **conduct is not criminal** so as to avoid a complete miscarriage of justice. The safety-valve clause of §2255 otherwise does not apply. Id.[3] See also Kinder v. Purdy, 222 F.3d 209, 213-14 (5th Cir. 2000); Brown v. Mendez, 167 F.Supp.2d 723, 726-27 (M.D. Pa. 2001).

In light of these legal principles, Gadsden cannot raise his Apprendi claim via a §2241 habeas petition. First, Gadsden could have raised an Apprendi-like claim on direct appeal or in a §2255 motion. See United States v. Sanders, 247 F.3d 139, 144-46 (4th Cir. 2001)(failure to raise Apprendi-like claim on direct review from criminal conviction constituted procedural default for which the defendant could

---

[3] In United States v. Brooks, (3rd Cir. 2000), *opinion sur panel rehearing*, 245 F.3d 291 (3rd Cir. 2001), the Third Circuit confirmed that §2241 may not be used to escape the procedural limitations imposed by the AEDPA. The Court of Appeals recognized that in Dorsainvil, by the time it was decided that the *defendant's conduct was **not criminal** at all*, Dorsainvil had no recourse to §2255 to redress the situation. In contrast, where a defendant could have availed himself of §2255 to address his grievance but was now barred due to AEDPA's procedural rules, recourse to §2241 was impermissible. Accordingly, the Circuit held that the petitioner could not challenge his conviction in the Court of Appeals under §2241 simply because AEDPA barred an appeal of the district court's decision as to his §2255 petition. Brooks, 230 F.3d 648-49.

not establish "cause" to justify raising it via habeas review); United States v. Smith, 241 F.3d 546 (7th Cir. 2001)(rejecting petitioner's futility argument that the federal circuits would have rejected his Apprendi-like arguments had he raised it on direct appeal). See also Bousley v. United States, 523 U.S. 614, 622-23 (1998)(failure to raise Bailey claim on direct review could not be excused as futile simply because the "claim was unacceptable to that particular court at that particular time.").

Further, Apprendi does not declare that any conduct, previously thought criminal, is not criminal. Rather, Apprendi merely addresses the burden of proof and the identity of the fact finder with respect to certain sentencing issues. As such, the Apprendi holding does not fall within the limited exception recognized in Dorsainvil, 119 F.3d 245, so as to permit a §2241 habeas challenge to a conviction that could not be made in a successive §2255 motion.

As such, Gadsden cannot sidestep the restrictions on filing successive §2255 motions by challenging his conviction in a §2241 habeas petition. To permit such a result would eviscerate Congress' intent in amending §2255. Dorsainvil, 119 F.3d at 251. Accordingly, Gadsden's habeas petition should be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d at 1165.[4]

_____

[4] Should the Court believe that any issues asserted by Gadsden are properly raised in a §2241 petition, respondent requests that additional time be granted to respond so that the United States Attorney's Office for the Eastern District of Virginia, which prosecuted Gadsden, can prepare a response to the merits of any such claims. Additionally, that office would be able to address whether Gadsden procedurally defaulted his Apprendi claim by not raising it on direct appeal, see Sanders, 247 F.3d at 144-46(defendant procedurally defaulted Apprendi claim and can establish neither cause and prejudice or actual innocence); United States v.

## **Conclusion**

For the above-stated reasons, Gadsden's petition for a writ of habeas corpus should be dismissed for lack of jurisdiction.

Respectfully submitted,

THOMAS A. MARINO
United States Attorney


_____
KATE L. MERSHIMER
Assistant U.S. Attorney
228 Walnut Street, 2nd Floor
P.O. Box 11754
Harrisburg, PA   17108-1754
717/221-4482

Date:  August 8, 2002

_____

Smith, 241 F.3d 546, 548-49 (7th Cir. 2001)(same), such as to foreclose a §2255 motion or habeas petition; whether there was any plain error given the fact that Gadsden plead guilty and/or given the weight of the evidence, see United States v. Campbell, 295 F.3d 398, 404-405 (3rd Cir. 2002)(applying plain error standard); or to raise any other applicable defense.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENYON RAHEEN GADSDEN, | : |
| **Petitioner** | : No. 1:CV-01-1122 |
| | : |
| **v.** | : (Judge Kane) |
| | : |
| JOHN FANELLO, Warden, | : (Magistrate Judge Mannion) |
| USP Allenwood, | : |
| **Respondent** | : |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 8th day of August, 2002, she served a copy of the attached

### RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS

by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

Addressee:

Robert A. Ratliff, Esquire
11331 Grooms Road, Suite 2000
Cincinnati, OH  45242

Shelley Grant
Paralegal Specialist