**ORIGINAL**

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION

| | | |
|---|---|---|
| KENYON RAHEEN GADSEN, | * | |
| Petitioner, | * | Civ. No. 1:01cv-1122 |
| -vs- | * | ~~Crim. Nos. 96-CR-182~~ |
| JOHN FANELLO, Warden, USP Allenwood, Respondent. | * | From the District Court For the Eastern District of Virginia |

\* \* \* \* \* \* \*

**PETITIONER'S TRAVERSE PLEADING TO GOVERNMENT'S RESPONSE**

---

COMES NOW, the Petitioner herein, Kenyon Gadsen, by and through counsel, and submits that the instant petition is mandated to correct a manifest injustice.

The Petitioner in this matter, entered into a plea agreement, under the terms of which he ultimately received the maximum penalty, a life sentence. Had Petitioner proceeded to trial and preserved each of his rights to appeal and file a habeas corpus petition, he would be in no worse position than he finds himself in today.

What is particularly onerous about the Petitioner's plea agreement however, is that he entered into this agreement absent the knowledge that there existed a valid means to contest the extent of the allegations against him and to ultimately seek a definite sentence, less than life incarceration. Under <u>Apprendi</u>, it is beyond dispute that if the Petitioner went to trial today, the Government would be required to allege and then prove to a

jury beyond a reasonable doubt, that the Petitioner was directly involved with an amount of drugs that justify a life sentence. The Petitioner was unaware of this important element at the time of his plea.

While the Government is correct to point out that § 2241 petitions are allowed in only limited circumstances, the Petitioner would submit that the manifest injustice occuring here is just such a circumstance. Generally, a federal prisoner must file a motion pursuant to 28 U.S.C. § 2255 to challenge his conviction or sentence. Reyes-Requena v. United States, 243 F.3d 893, (5th Cir., 2001); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.) *cert. denied* 488 U.S. 982 (1988). A § 2255 motion is the appropriate remedy for violations that occur at or prior to the time of sentencing. Id. A petition pursuant to 28 U.S.C. § 2241 is generally used to challenge the execution of an individual's sentence. Id.; *See also,* United States v. Mittelsteadt, 790 F.2d 39, 40-41 (7th Cir. 1986)(habeas corpus proceeding pursuant to § 2241 is the proper remedy for challenging information in the PSI). A § 2241 petition is also appropriate if "it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention. Id.; United States v. Pirro, 104 F.3d 297 (9th Cir. 1997)(holding that delay in considering a § 2255 motion caused by a pending appeal is not sufficient to make the § 2255 inadequate or ineffective); See

2

also Reyes-Requena, supra.; Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963)(suggesting that a § 2255 remedy might be ineffective where the sentencing court refuses to hear a § 2255 petition altogether or where the court delays in hearing the petition inordinately).

Although there is no clear definition of what constitutes inadequate or ineffective, the Fifth Circuit held in Reyes-Requena that "inadequate or ineffective" requires a review as to cases where a petitioner cannot utilize § 2255 and in which failure to allow for collateral review would raise serious constitutional questions. See Reyes-Requena. In Reyes-Requena, the Fifth Circuit held that the defendant could raise a claim of actual innocence to a 924(c) charge by means of a motion pursuant to 28 U.S.C. § 2241.

The issues raised in the instant case are based on a new rule of constitutional law set forth by the United States Supreme Court in Apprendi. Apprendi v. New Jersey, 120 S.Ct. 2348 (U.S. 2000). Apprendi set forth a new rule of constitutional law with respect to facts that are elements of the offense rather than sentencing factors. The United States Supreme Court held in Apprendi that other than the fact of prior convictions, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must by submitted to the jury and proved beyond a reasonable doubt. The Apprendi decision was handed down on

3

June 26, 2000.

Although 28 U.S.C. § 2255 allows for a second or successive § 2255 motion, a second motion can only be filed after receiving permission from the appellate court. In order to file a successive § 2255, a petitioner must show either: (1) that the claim relies on a new rule of constitutional law that has been made retroactive to cases on collateral review by the United States Supreme Court that was previously unavailable; or (2) newly discovered evidence of actual innocence. 21 U.S.C. §§ 2244, 2255. Since Petitioner does not have any newly discovered evidence of actual innocence, he must rely on the first exception. However, as made clear in <u>Talbott</u> and other post-<u>Apprendi</u> cases, <u>Apprendi</u> has not been made explicitly retroactive to cases on collateral review by the United States Supreme Court. Therefore, Petitioner cannot raise his claims in a motion pursuant to 28 U.S.C. § 2255 as he cannot meet the test for filing a second or successive motion, or an original motion out of time. <u>In Re: Billy Ray Tatum</u>, 233 F.3d 857 (5th Cir., 2000)

The only remedy left to raise Petitioner's constitutional claim is by means of a motion pursuant to 28 U.S.C. § 2241. <u>See Harris v. United States</u>, 119 F.Supp.2d 458, (D.N.J. Nov. 1, 2000)(holding that a motion pursuant to 28 U.S.C. § 2241 is the appropriate means for raising an issue based on the <u>Apprendi</u> decision in a case where the defendant had previously filed a §

4

2255 motion). The instant case presents a situation like in Reyes-Requena and Harris where the remedy pursuant to 28 U.S.C. § 2255 is truly inadequate or ineffective. Id. "This Court finds that petitioner's claim is one of the few instances where Dorsainvil operates to permit a § 2241 challenge to the lawfulness of a federal sentence. Id. at *2; In re Dorsainvil, 119 F.3d 245, 248 (3rd Cir. 1997).

It can hardly be said that Petitioner could have raised these issues during the one-year limitation period for filing a § 2255 motion. However, after Apprendi it is clear that Petitioner's sentence was imposed in violation of his Fifth and Sixth Amendment rights under the United States Constitution. The only forum the Petitioner has to present his claim is in a motion pursuant to 28 U.S.C. § 2241. Because Congress added the inadequate and ineffective language to § 2255, Petitioner would contend that this is the type of situation where a § 2241 is appropriate to attack a conviction and/or sentence. Section § 2255 is truly inadequate and ineffective to raise his claims through no fault of the Petitioner. Petitioner further contends that this Court should not dismiss his claims as procedurally barred and must examine the instant petition on its own terms under 28 U.S.C. § 2241. Grey-Bey v. United States, 209 F.3d 986 (7th Cir. 2000)(transferring defendant's request to file a successive § 2255 to the appropriate district court for

5

consideration under 28 U.S.C. § 2241).

                                          Respectfully Submitted,

By:  _____
      Robert A. Ratliff
      Attorney for Petitioner
      Roberts, Shields & Green
      P.O. Box 2353
      Mobile, AL 36652
      (251) 432-1656

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing Motion and Memorandum of Law appended hereto has been sent this 20 day of August, 2002, by regular U.S. Mail with sufficient postage affixed thereto to insure delivery thereof to:

David Barasch  
Assistant U.S. Attorney  
Federal Building  
228 Walnut Street  
Harrisburg, PA 17108

John Fanello  
Warden  
USP Allenwood  
601 Liberty Street  
White Deer, PA 17887

_____  
Robert A. Ratliff  
Attorney for Petitioner

7