UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENYON RAHEEN GADSEN,** | : | |
| Petitioner | : | **CIVIL ACTION NO. 1:01-1122** |
| v. | : | **(KANE, D.J.)** |
| | | **(MANNION, M.J.)** |
| **JOHN FANELLO, Warden,** | : | |
| Respondent | : | |

# N O T I C E

TO:  Robert A. Ratliff, Esquire
11331 Grooms Road, Suite 2000
Cincinnati, OH   45242

Kate L. Mershimer, Assistant United States Attorney
Office of United States Attorney
228 Walnut Street
Harrisburg, PA   17108

NOTICE IS HEREBY GIVEN that the undersigned has entered the following:

Report and Recommendation of Magistrate Judge Mannion dated 06/30/03.

Any party may obtain a review of the magistrate judge's above proposed determination pursuant to Rule 72.3, M.D.PA, which provides:

**72.3 REVIEW OF REPORTS AND RECOMMENDATIONS OF MAGISTRATE JUDGES ADDRESSING CASE DISPOSITIVE MOTIONS**

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition

**of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall made a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.**

<u>s/ Malachy E. Mannion</u>

**MALACHY E. MANNION
United States Magistrate Judge**

**Dated:   June 30, 2003**

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

**KENYON RAHEEN GADSEN,** :

   **Petitioner** : **CIVIL ACTION NO. 1:01-1122**

   **v.** : **(KANE, D.J.)**
    **(MANNION, M.J.)**

**JOHN FANELLO, Warden,** :

   **Respondent** :

### REPORT AND RECOMMENDATION

On June 22, 2001, this counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 was filed on behalf of the petitioner, an inmate at the United States Penitentiary, Lewisburg, ("USP-Lewisburg"). The petition challenges the petitioner's sentence in the United States District Court for the Eastern District of Virginia in light of the United States Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000).

The filing fee having been paid, (Doc. No. 5), a show cause order was issued by the court on July 22, 2002, (Doc. No. 10). On August 8, 2002, a response was filed to the petition. (Doc. No. 11). A traverse was filed on behalf of the petitioner on August 23, 2002. (Doc. No. 12).

According to the petition, the petitioner was originally indicted by a grand jury sitting in the Eastern District of Virginia. The multi-count indictment charged the petitioner with multiple counts of distribution of cocaine. Count

1

One of the indictment alleged that the petitioner was involved in a conspiracy to distribute cocaine and cocaine base from 1993 to September 26, 1996. (Doc. No. 1, Ex. A). The petitioner was arrested on the charges on February 13, 1997, and arraigned on the following day. (Doc. No. 1, Ex. B).

On March 17, 1997, the petitioner entered into a plea agreement with the government, in which he agreed to enter a plea of guilty to Count One of the Indictment, conspiracy to possess with intent to distribute cocaine and cocaine base. In exchange for the petitioner's plea, the government moved to vacate on all other counts. (Doc. No. 1, Ex. C).

On July 7, 1997, the petitioner was sentenced in the district court. The presentence report recommended a base offense level of thirty-eight, a four level enhancement pursuant to the United States Sentencing Guidelines, ("USSG"), § 3B1.1(a), a two level enhancement for using a minor to commit the offense, USSG § 3B1.4, a two point enhancement for possession of a weapon, USSG § 2D1.1, and a criminal history score of VI, based on his status as a career offender under USSG § 4.B1.1. (Doc. No. 1, Ex. D). The petitioner was sentenced according to an adjusted offense level of forty-six and a criminal history score of VI, which resulted in a life sentence. (Doc. No. 1, Ex. E).

The petitioner did not file a direct appeal, nor did he file any post-conviction petitions challenging his sentence. Instead, on June 22, 2001, the petitioner filed instant action pursuant to 28 U.S.C. §2241 challenging his

sentence in the Eastern District of Virginia. It is argued that the instant action pursuant to § 2241 is proper because the petitioner's remedies pursuant to 28 U.S.C. § 2255 are inadequate or ineffective to challenge the legality of his sentence. Furthermore, the petitioner argues that his sentence should be vacated in light of the Supreme Court's decision in Apprendi, supra. (Doc. No. 1).

Originally enacted in 1948 as the equivalent of the habeas writ, § 2255 requires that a federal prisoner's request for collateral review of a conviction or sentence must be brought by motion in the district of the criminal court. The only exception allows a federal prisoner to bring a habeas petition if a § 2255 motion proves "inadequate or ineffective." 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333, 343 (1974); Hill v. United States, 368 U.S. 424, 427 (1962); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997); Application of Galante, 437 F.3d 1164, 1165 (3d Cir. 1971).

Courts have found that a § 2255 motion is inadequate or ineffective only where it is established "that some limitation of scope or procedure would prevent a § 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." Galante, 437 F.2d at 1165 (3d Cir. 1971)(quoting United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)). The burden is on the petitioner to demonstrate inadequacy or

3

ineffectiveness.  Id.; Cagle v. Ciccone, 368 F.2d 183, 184 (8th Cir. 1966).

The circumstances which make a § 2255 motion inadequate or ineffective were addressed by the courts in Triestman v. United States, 124 F.3d 361 (2d Cir. 1997), and In re Dorsainvil, supra.  Both the Triestman and Dorsainvil courts held that a § 2255 motion was only inadequate and ineffective where the denial of habeas relief would raise serious constitutional issues.  Triestman, 124 F.3d at 377; Dorsainvil, 119 F.3d at 249.  The serious constitutional issue presented in those cases was that a change in substantive law rendered the conduct for which the petitioner was convicted no longer criminal.  Triestman, 124 F.3d at 366; Dorsainvil, 119 F.3d at 251.  Thus, a high standard has been set for what a court will consider a serious constitutional issue sufficient to allow a petitioner to bring a § 2241 petition to challenge a federal conviction or sentence.

Here, the petitioner concedes that he has neither filed a direct appeal challenging his sentence, nor filed a § 2255 motion in the Eastern District of Virginia. He attempts now, however, to challenge his sentence based upon the Supreme Court's decision in Apprendi.  Unlike the petitioner in Dorsainvil, the petitioner's claims are not premised on any intervening change in substantive law that would negate the criminal nature of his conduct with respect to his federal conviction.  Rather his petition is premised on claims relating to sentencing and jury instructions, factors which do not suggest that the

4

petitioner is actually innocent of the underlying criminal charges. As such, the narrow exception to allow filing a challenge to a conviction or sentence pursuant to § 2241 set forth in Dorsainvil does not apply to the instant petition, and the petition should be dismissed. Okereke v. United States of America, 307 F.3d 117 (3d Cir. 2002)(under In re Dorsainvil, § 2255 is not inadequate or ineffective for individuals to raise Apprendi claims, as Apprendi dealt with sentencing and did not render the drug law at issue non-criminal).

Moreover, the Third Circuit has held that Apprendi is not retroactive to cases on collateral review. United States v. Swinton, ___ F.3d ___, 2003 WL 21436809 (3d Cir. (Pa.))(new rule of procedure announced in Apprendi was not one that required the observance of those procedures that are implicit in the concept of ordered liberty so as to make Apprendi retroactively applicable on collateral review); United States v. Jenkins, ___ F.3d ___, 2003 WL 21398812 (3d Cir. (Pa.))(Apprendi does not apply retroactively to initial motions for post conviction relief); In Re: Carnell Turner, 267 F.3d 225 (3d Cir. 2001)(Apprendi not retroactive to a successive habeas petition in light of the specific requirement of the AEDPA for such petitions that "a new rule of constitutional law [must have been] made retroactive to cases on collateral review by the Supreme Court"). Since Apprendi cannot be applied retroactively to cases on collateral review, the court is precluded from considering the petitioner's claims based upon this case.

5

On the basis of the foregoing,

**IT IS RECOMMENDED THAT:**

the petition for a writ of habeas corpus, **(Doc. No. 1)**, be **DISMISSED**.

                                      **s/ Malachy E. Mannion**
                                      **MALACHY E. MANNION**
                                      **United States Magistrate Judge**

**Dated:   June 30, 2003**
O:\shared\REPORTS\01-1122.wpd