ORIGINAL 

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
### HARRISBURG DIVISION

| | | |
|---|---|---|
| KENYON RAHEEN GADSEN, | * | Civ. No. 1:01-1122 |
| Petitioner, | * | J. Kane |
| -vs- | * | Crim Nos.96-CR-182 |
| JOHN FANELLO, | * | From the District Court |
| Warden, USP Allenwood, | | For the Eastern District |
| Respondent. | * | of Virginia |

**FILED**
**JUL 16 2003**
PER
HARRISBURG, PA.     DEPUTY CLERK

\* \* \* \* \* \* \*

**PETITIONER'S OBJECTIONS TO THE REPORT OF THE MAGISTRATE**

COMES NOW, the Petitioner herein, Kenyon Gadsen, by and through counsel, and submits the following objections to the Report and Recommendation of the Magistrate.

The Petitioner would initially note that the law related to the applicability of <u>Apprendi</u>, has seen significant development since this petition was first developed.  It would appear at present that most courts are consistent in their refusal to apply <u>Apprendi</u> retroactively.  One Court has not yet specifically ruled upon this issue, the United States Supreme Court.  Until such time as that court rules definitively on this issue, all defendant's must preserve any and all objections to these decisions of non-retroactivity, should the status of <u>Apprendi</u>, or federal sentencing law change.

**THE MAGISTRATE WRONGLY DECIDED THAT APPRENDI v. NEW JERSEY SHOULD NOT BE APPLIED RETROACTIVELY.**

The Magistrate errs in deciding that <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348 (2000), does not apply retroactively to cases on collateral review. See CITE (such as <u>United States v. Moss</u>, 252 F.3d 993, 997 (8th Cir.2001)). The Supreme Court has not expressly determined whether <u>Apprendi</u> is retroactively applicable to cases on collateral review. See <u>Harris v. United States</u>, No. 0010666 (U.S. June 24, 2002) (Thomas, J., dissenting at Part III, ¶ 3) ("No Court of Appeals, let alone this Court, has held that <u>Apprendi</u> has retroactive effect."). Petitioner first submits that retroactivity is not an issue for the rule of <u>Apprendi</u>. If retroactivity is an issue, however, it is appropriate under these circumstances.

Petitioner submits that the United States justice system has failed him and hundreds of others in similar circumstances. Compare Petitioner to a defendant who had recently been indicted, convicted and sentenced for the exact same crime under similar circumstances, and one would find a drastic difference in the result. Since the autumn of 2000, where defendants are indicted for drug conspiracy in violation of 21 U.S.C. § 846 and the government seeks a sentence beyond 20 years, drug quantity is alleged in the indictment and treated as an element that is either admitted or submitted to a jury for proof beyond a reasonable doubt.

That did not happen for Petitioner. Instead, the government was permitted to leave out drug amount in the indictment, the jury was not asked to determine drug quantity, and the district court was permitted to sentence Petitioner to serve an imprisonment term without such notice or proof. Clearly, the failure to give notice or prove an element of an offense is a grave constitutional error. That error has not been corrected in Petitioner's case.

For the last 20 years, the courts have denied possibly thousands of defendants their rights to due process. <u>United States v. Clark</u>, 2000 WL 845193 (5th Cir. July 26, 2001) (dissenting

2

opinion). Now, through <u>Apprendi</u>, Petitioner and others are attempting to obtain justice and relief. The relief Petitioner seeks is deserved.

Petitioner did not raise <u>Apprendi</u>-type issues at the trial court level years ago (because those issues were unheard of at the time). Accordingly, if <u>Apprendi</u> is applied to the case, the issue would be reviewed for plain error. <u>United States v. Olano</u>, 507 U.S. 725, 732-35, 113 S.Ct. 1770 (1993). That plain error test would be met in this case. The standard requires (1) a finding of error (2) that is plain and (3) affects substantial rights. <u>Johnson v. United States</u>, 520 U.S. 461, 467-68, 117 S.Ct. 1544 (1997). Because the indictment failed to allege a fact, drug quantity, that increased the statutory maximum sentence, the enhanced sentence renders Petitioner's erroneous under the reasoning of <u>Apprendi</u> and <u>Jones</u>. See <u>United States v. Cotton</u>, No. 01687 (U.S. May 20, 2002). The error resulted in at least 10 additional years being added to Petitioner's sentence. Because the error "seriously affects the 'fairness, integrity, or reputation of judicial proceedings'" <u>Olano</u>, 507 U.S. at 736 (quoting <u>United States v. Atkinson</u>, 297 U.S. 157, 160, 56 S.Ct. 391 (1936)), Petitioner's conviction likely would be vacated under the test.

**A.    Retroactivity is not at Issue: A Violation of the Rule in <u>Apprendi v. New Jersey</u> is a Structural Error that must be Corrected in all Cases.**

The Eighth Circuit has found that an <u>Apprendi</u> violation is not a structural error requiring *per se* reversal. That determination is incorrect.

In <u>Neder v. United States</u>, 527 U.S. 1, 8-9, 119 S. Ct. 1827 (1999), the Supreme Court held that it is not always reversible

error to fail to submit to a jury an essential element of a criminal charge. If, for example, no reasonable jury could have found against the prosecution with respect to this element, the error can be treated as harmless. As noted by the dissenting judge in <u>Moss</u>, the same thing, however, cannot be said of the other part of the <u>Apprendi</u> principle—that every element of a crime must be charged in an indictment (if the crime is federal). <u>Moss</u>, 252 F.3d at 1004 (Arnold, J., dissenting).

> As far as I am aware, no case has ever held that the omission of an element of a crime from an indictment can be harmless error. In such cases, we do not ask whether a jury would have found that element on the evidence submitted to it, or, indeed, whether the grand jury would have returned an indictment including that element if it had been asked to do so. *Rather, an indictment that omits an element of a crime is structurally deficient and provides no lawful basis for bringing anyone to trial.*

<u>Id</u>. (emphasis added). A failure to include an essential element in an indictment should warrant relief even where the government later proves the omitted element at trial. See <u>United States v. Zangger</u>, 848 F.2d 923, 925 (8th Cir. 1988); <u>United States v. Camp</u>, 541 F.2d 737, 740 (8th Cir. 1976).

When <u>Apprendi</u> was decided *vis-a-vis* the date Petitioner's conviction became final is not material. An <u>Apprendi</u> violation, such as the one in this case where an essential element was not proved to the jury, is a structural error requiring *per se* reversal in all cases.

**B.    Retroactivity is not at Issue: <u>Apprendi v. New Jersey</u>**

**Clarified Existing Law; Due Process Requires that it be
Applied to Prior Cases.**

Retroactivity is not an issue because <u>Apprendi</u> merely
clarified the elements of 21 U.S.C. § 841 (and, therefore, §
846). <u>Apprendi</u> did not announce a new rule that needed to be
declared retroactive. Instead, it turned a light on, revealing
an error in many cases that needed to be corrected regardless of
when the convictions became final. A recent decision of this
Court supports this conclusion.

In <u>Fiore v. White</u>, 531 U.S. 225, 121 S.Ct. 712 (2001), after
the defendant's conviction had become final, the Pennsylvania
Supreme Court issued a decision that essentially redefined the
basic elements of the offense. This Court held that a subsequent
decision that merely clarifies existing law is not *new law*.
Therefore, *no retroactivity issue was presented*. Accordingly,
due process required that the subsequent clarifying decision
applied to <u>Fiore</u> and his conviction was reversed. <u>Id</u>. at 714.

Petitioner's current situation is analogous to the
circumstances presented in <u>Fiore</u>. The Supreme Court's decision
in <u>Apprendi</u> clarified the basic elements of 21 U.S.C. § 841 under
certain circumstances. As a result, it is not "new law."
Instead, <u>Apprendi</u> simply notes that the government errs in
seeking enhanced penalties without proving the factors supporting
those penalties. That the government must prove elements that
result in punishment is the way it is, has been and always should

5

be under the U.S. Constitution.

Accordingly, no retroactivity question is involved in Petitioner's case.  No question should exists that <u>Apprendi</u> applies to Petitioner's situation.

**C.   <u>Apprendi v. New Jersey</u> is a New Rule of Substantive Law; <u>Teague v. Lane</u> does not Apply to Bar Retroactivity.**

Even if retroactivity is an issue, <u>Apprendi</u> is a new rule of both procedural and substantive law.  As a result, the rule announced in <u>Teague v. Lane</u>, 489 U.S. 288, 109 S.Ct. 1060 (1989), does not apply to bar retroactivity of <u>Apprendi</u>.

In <u>United States v. Moss</u>, 252 F.3d 993 (8th Cir.2001), the Eighth Circuit seemed to assume without addressing the issue that <u>Apprendi</u> was a rule only of criminal procedural law. See <u>id</u>. at 997, citing <u>Teague</u>, 489 U.S. at 311 ("The Supreme Court's <u>Teague</u> inquiry is implicated because <u>Apprendi</u> is obviously a 'new rule' subject to the general rule of nonretroactivity.")   Instead of addressing whether <u>Apprendi</u> was also a substantive rule, the <u>Moss</u> Court went straight into whether either of the <u>Teague</u> exceptions applied.  That was the <u>Moss</u> Court's first error.  Although <u>Apprendi</u> creates a new rule of law, it is a rule of both procedural and substantive law rather than simply procedural law.

While federal circuit courts essentially agree that post-<u>Apprendi</u> § 841 sets forth three separate offenses, rather than one offense with three different penalties, *see, e.g.*, <u>United States v. Flowal</u>, 234 F.3d 932, 938 (6th Cir.2000), the Fourth,

6

Eighth and Ninth Circuit have concluded that _Apprendi_ is solely a procedural rule for purposes of _Teague_'s analysis.  That conclusion is ludicrous in light of _Apprendi_'s effect upon convictions and sentences.

In the language of Justice Thomas's _Apprendi_ concurrence, which Justice Scalia joined, "This case turns on the seemingly simple question of what constitutes a 'crime.'" _Apprendi_ at 499, 120 S.Ct. 2348.  If § 841(b) once listed penalties but now describe individual crimes, how could it be said that the change was only procedural?

"An _Apprendi_ claim in the context of § 841, in its simplest terms, asserts that while a defendant is guilty of possessing an unspecified quantity of a controlled substance, he is actually innocent of possessing the quantity necessary to be found guilty and sentenced under the more onerous provisions of 21 U.S.C. § 841." _United States v. Clark_, 260 F.3d 382, 388 (5th Cir. 2001) (Parker, J., dissenting).  "_Apprendi_ announces a new substantive rule, _Teague_'s prohibition against retroactivity does not apply[,] and _Apprendi_ must be applied retroactively.  _Id._, citing _Davis v. United States_, 417 U.S. 333, 346-47, 94 S. Ct. 2298 (1974) (allowing a defendant to assert in a §§ 2255 proceeding, a claim based on an intervening substantive change in the interpretation of a federal criminal statute).

In several cases, the government has cited statistics

regarding the high percentage of narcotics cases and argued that full retroactive application of <u>Apprendi</u> would call into question tens of thousands of conviction and sentences in drug cases alone. "The fact that the constitutional rights of criminal defendants were violated in a large percentage of cases for a long time by well-meaning prosecutors and good judges does not excuse us from remedying those wrongs." <u>Id</u>.

WHEREFORE, in light of the foregoing, Petitioners would respectfully ask that this Court reconsider the Report and Recommendation of the Magistrate, and order that the holdings of <u>Apprendi</u>, be applied in this case.

Respectfully Submitted,

Robert A. Ratliff
P.O. Box 2353
Mobile, AL 36652
(251) 432-1656

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Motion and Memorandum of Law appended hereto has been sent this _10_ day of _July_____, 2003, by regular U.S. Mail with sufficient postage affixed thereto to insure delivery thereof to:


David Barasch                    John Fanello
Assistant U.S. Attorney          Warden
Federal Building                 USP Allenwood
228 Walnut Street                601 Liberty Street
Harrisburg, PA 17108             White Deer, PA 17887

                                 Robert A. Ratliff
                                 Attorney for Petitioner