```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF PENNSYLVANIA

KENYON RAHEEN GADSDEN,        :    CIVIL NO. 1:CV-01-1122
          Petitioner          :
                              :    (Kane, J.)
     v.                       :
                              :    (Mannion, M.J.)
JOHN FANELLO, Warden,         :
          Respondent          :    ELECTRONICALLY FILED
```

**DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a habeas corpus action brought pursuant to 28 U.S.C. §2441, by Kenyon Raheen Gadsden, by and through his counsel. Gadsden is a federal inmate currently confined at the Allenwood United States Penitentiary in White Deer, Pennsylvania. Gadsden is in the custody of the Federal Bureau of Prisons ("BOP") pursuant to his guilty plea to drug charges in the United States District Court for the Eastern District of Virginia.

On June 22, 2001, Gadsden's petition for writ of habeas corpus was filed, challenging his conviction and sentence as being in violation of the Supreme Court's holding in <u>Apprendi v. New Jersey</u>, 530 U.S. (2000). Gadsden argues that it is proper to challenge the legality of his sentence pursuant to 28 U.S.C. §2241 because his remedies pursuant to 28 U.S.C. §2255 are inadequate or ineffective.

Respondent filed a response to the petition on August 8, 2002, arguing that Gadsden cannot challenge his federal conviction through a §2241 petition and therefore, his habeas petition should be dismissed for lack of jurisdiction. Gadsden filed a traverse on August 20, 2002, arguing that he can raise these claims in a petition pursuant to §2241 because he cannot meet the test for filing a second or successive §2255 petition, or an original §2255 petition out of time, and therefore, the remedy pursuant to 28 U.S.C. §2255 is inadequate or ineffective.

On June 30, 2003, the Magistrate issued his Report and Recommendation, wherein he found that §2255 is not inadequate or ineffective for individuals to raise <u>Apprendi</u> claims because <u>Apprendi</u> dealt with sentencing and did not render the drug law at issue noncriminal. The Magistrate further found that <u>Apprendi</u> is not retroactive to cases on collateral review. Therefore, the Magistrate recommended that Gadsden's petition be dismissed.

Gadsden's objections to the Magistrate's report were filed on July 10, 2003. Respondent files this opposition to Gadsden's objections to the Magistrate's report and recommendation.

**ARGUMENT**

Although Gadsden argues initially in his objections that "retroactivity is not an issue for the rule of <u>Apprendi</u>," he states that the Magistrate erred in finding that <u>Apprendi</u> is not

retroactive to cases on collateral review and states that "[i]f retroactivity is an issue, ... it is appropriate under these circumstances." Petitioner's Objections to the Report of the Magistrate, pp.1-2.

As the Magistrate noted in his report, the Third Circuit has held that <u>Apprendi</u> is not retroactive to cases on collateral review, citing <u>United States v. Swinton</u>, 333 F.3d 481 (3rd Cir. 2003); <u>United States v. Jenkins</u>, 333 F.3d 151 (3rd Cir. 2003); and <u>In Re Carnell Turner</u>, 267 F.3d 225 (3rd Cir. 2001). The Magistrate rightly concludes that "[s]ince <u>Apprendi</u> cannot be applied retroactively to cases on collateral review, the court is precluded from considering the petitioner's claims based upon this case." Report and Recommendation, p.5.

Gadsden then addresses the issue of whether <u>Apprendi</u> announces a new rule of substantive law, thereby allowing Gadsden to pursue habeas relief under the safety valve clause of §2255. The safety valve clause of §2255 does not apply in this case because <u>Apprendi</u> did not render Gadsden's conduct not criminal. The safety valve clause of §2255 typically only applies where a subsequent statutory interpretation reveals that the prisoner's ***conduct is not criminal*** so as to avoid a complete miscarriage of justice. The safety valve clause of §2255 otherwise does not

apply.[1]  In re Dorsainvil, 119 F.3d 245, 250 (3rd Cir. 1997). See also Kinder v. Purdy, 222 F.3d 209, 213-14 (5th Cir. 2000); Brown v. Mendez, 167 F.Supp.2d 723, 726-27 (M.D. Pa. 2001).

Gadsden's challenge of his criminal conviction and sentence is premised upon claims relating to sentencing and jury instructions, not upon an intervening change in substantive law that would render him actually innocent of the underlying criminal charges. Therefore, as the Magistrate has concluded, the safety valve clause set forth in Dorsainvil does not apply in Gadsden's case. Okereke v. United States, 307 F.3d 117 (3rd Cir. 2002) (Apprendi dealt with sentencing and did not render the drug law at issue noncriminal). Furthermore, Apprendi is not retroactive to cases on collateral review. Therefore, Gadsden's challenge to his conviction and sentence cannot be brought pursuant to 28 U.S.C. §2241, and the petition should be dismissed for lack of jurisdiction.

---

[1] In United States v. Brooks, (3rd Cir. 2000), *opinion sur panel rehearing*, 245 F.3d 291 (3rd Cir. 2001), the Third Circuit confirmed that §2241 may not be used to escape the procedural limitations imposed by the AEDPA. The Court of Appeals recognized that in Dorsainvil, by the time it was decided that the *defendant's conduct was **not criminal** at all*, Dorsainvil had no recourse to §2255 to redress the situation. In contrast, where a defendant could have availed himself of §2255 to address his grievance but was now barred due to AEDPA's procedural rules, recourse to §2241 was impermissible. Accordingly, the Circuit held that the petitioner could not challenge his conviction in the Court of Appeals under §2241 simply because AEDPA barred an appeal of the district court's decision as to his §2255 petition. Brooks, 230 F.3d 648-49.

**CONCLUSION**

For the above-stated reasons, this Court should overrule Gadsden's objections to the Magistrate's report of June 30, 2003, adopt the Report and Recommendation in full, and dismiss Gadsden's habeas petition with a certification that any appeal would be deemed frivolous, lacking in probable cause, and not taken in good faith.

    Respectfully submitted,

    THOMAS A. MARINO
    United States Attorney

    s/ Kate L. Mershimer
    KATE L. MERSHIMER
    Assistant U.S. Attorney
    Atty. I.D. No. PA37430
    ANITA L. LIGHTNER
    Paralegal Specialist
    U.S. Attorney's Office
    228 Walnut Street, 2nd Floor
    Harrisburg, PA 17108-1754
    Phone: 717-221-4482
    Fax: 717-221-2246

Date: July 28, 2003

```
                    UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF PENNSYLVANIA

KENYON RAHEEN GADSDEN,         :    CIVIL NO. 1:CV-01-1122
          Petitioner           :
                               :    (Kane, J.)
     v.                        :
                               :    (Mannion, M.J.)
JOHN FANELLO, Warden,          :
          Respondent           :    ELECTRONICALLY FILED
```

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 28th day of July, 2003, she served a copy of the attached

**DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

ADDRESSEE:

Robert A. Ratliff
Roberts, Shields and Green, P.C.
P.O. Box 2353
Mobile, AL 36652-2353

/s Anita L. Lightner
ANITA L. LIGHTNER
Paralegal Specialist