UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KENYON RAHEEN GADSDEN,          :
        Petitioner            :  CIVIL ACTION NO.: 1:CV-01-1122
                                :  (Judge Kane)
   v.                           :
                                :  (Magistrate Judge Mannion)
JOHN FANELLO, Warden,           :
        Respondent            :

## MEMORANDUM AND ORDER

    Before this Court are Petitioner's Motion to Vacate and Modify Petitioner's Sentence Pursuant to 28 U.S.C. § 2241 (Doc. No. 1), the Magistrate Judge's Report and Recommendation (Doc. No. 14), Petitioner's Objections to the Report and Recommendation (Doc. No. 15), Respondent's Brief in Opposition to Petitioner's Objections (Doc. No. 17), and Petitioner's Motion for Extension of Time to File Objections (Doc. No. 16).

    Petitioner pled guilty to conspiracy to possess with intent to distribute cocaine and cocaine base. The District Court for the Eastern District of Virginia sentenced Petitioner to a term of life imprisonment on July 7, 1997. Petitioner did not file a direct appeal or any post-conviction petitions challenging his sentence before filing the instant action.

    Upon independent <u>de novo</u> review, this Court agrees with the Magistrate Judge that Petitioner's claims are properly brought in a petition pursuant to § 2255 rather than as a § 2241 habeas petition. Claims attacking a sentence must be brought pursuant to § 2255. 28 U.S.C. §

2255 (covering prisoners' petitions that claim "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States.").

If, however, the remedy under § 2255 "is inadequate or ineffective to test the legality of his detention," a prisoner may file a claim pursuant to § 2241.  Id.  According to Petitioner, his claims are properly raised pursuant to 28 U.S.C. § 2241 because a § 2255 motion is inadequate and ineffective to challenge his life sentence.  Petitioner argues that the government violated his due process rights by failing to include certain drug quantities in his indictment, making the indictment fatally defective.  He claims that this Court should vacate his sentence pursuant to Apprendi v. New Jersey.  530 U.S. 4662 (2000).  Petitioner's objections to the recommendation are simply restatements of the claims fully considered by the Magistrate Judge.

Magistrate Judge Mannion finds that Petitioner fails to show any reason why bringing the claim under § 2255 is inadequate or ineffective to test the legality of Petitioner's detention.  Moreover, Magistrate Judge Mannion finds that Apprendi cannot be applied retroactively to cases on collateral review.  Apprendi, 530 U.S. 4662.  Therefore, he recommends that this Court dismiss Petitioner's motion.

Section 2255 claims must be brought before "the court which imposed the sentence."  28 U.S.C. § 2255.  This Court, therefore, does not have jurisdiction.  If a district court lacks jurisdiction, it must decide whether to dismiss the § 2241 action or recast it as a § 2255 motion and transfer it to the appropriate court.  See Cephas v. Nash, 328 F.3d 98, 104 (2d Cir. 2003); see also 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").  When determining whether to

transfer or dismiss, the court's primary consideration must be whether a transfer is "in the interest of justice." Miller V. Hambrick, 905 F.2d 259, 262 (9th Cir. 1990) (quoting 28 U.S.C. § 1631).

In some instances, courts find that a transfer is not in the interest of justice. See, e.g., Rengifo-Castro v. Beeler, No. 97-5328, 1998 WL 418044, at *4 (D.N.J. July 21, 1998) (considering, but refusing to transfer because petitioner's claim was barred by § 2255's one-year statute of limitations); Casado v. Morris, No. 98-2654, 1998 WL 665378, at *2 (D.N.J. Sept. 28, 1998) (same). Here, however, Petitioner's claim was filed within the statute of limitations. Pursuant to § 2255, Petitioner may file a motion within one year of the "date on which the right asserted was initially recognized by the Supreme Court . . . ." 28 U.S.C. § 2255. Apprendi was decided on June 26, 2000. Id. Petitioner filed this motion on June 22, 2001. Because Petitioner's motion was filed within the one year statute of limitations, this Court finds that it is within the interest of justice to transfer the motion.

Accordingly, **IT IS ORDERED THAT**:

    1. This Court **DECLINES TO ADOPT** the Magistrate Judge's recommendation to dismiss (Doc. No. 14).

    2. This Court **OVERRULES** Petitioner's objections thereto (Doc. No. 15).

    3. Petitioner's motion for extension of time to file objections (Doc. No. 16) is **DENIED** as moot because Petitioner filed timely objections on July 16, 2003.

    4. This case is **TRANSFERRED** to the United States District Court, Eastern District of Virginia.

    5. The Clerk of Court shall mail a certified copy of this Order to the Clerk of the United States District Court, Eastern District of Virginia.

      6.  The Clerk of Court shall close the file.

                                                       S/ Yvette Kane  
                                                      Yvette Kane  
                                                      United States District Judge

Dated: November 7, 2003